ELSIE ARRIGONI ET AL. *v.* JOHN R. CONSOLINI ET AL.

SUPERIOR COURT     LITCHFIELD COUNTY     FILE No. 21365

Memorandum filed August 17, 1972

*Ells, Quinlan & Eddy,* of Winsted, for the plaintiffs.

*Francis M. Dooley,* of Sharon, for the defendants.

PARSKEY, J. In 1925 the Salisbury Iron Corporation was the owner of property the title to which is in dispute in this action. On June 30, 1925, by warranty deed, the corporation conveyed the property

to Isaia and Anna Minacci, "reserving . . . from the operation of this deed, and to and for the benefit of the Salisbury Iron Corporation, all of the slag pile on the south side of said Blackberry River, and the right of the Salisbury Iron Corporation, its successors and assigns, to go over and upon any and all of said lands for the purpose of removing any and all of said slag . . . ." The plaintiffs are the intermediate grantees of the Minaccis. On December 8, 1925, by warranty deed, the Salisbury Iron Corporation conveyed its right, title and interest in the slag and in the right of way to Alfred B. Stone. The defendants are the intermediate transferees of Stone, having acquired their interest by quitclaim deed June 6, 1946.

Since 1946 the slag has been listed on the assessment list in the name of the defendants and they have paid taxes thereon. In the intervening years the defendants, on frequent occasions, have used the slag for commercial purposes and have utilized the right of way for the purpose of removing it. All of the land in question heretofore owned by the plaintiffs has been sold to the state with the exception of eight acres.

Slag is the refuse of the smelting process. Poured hot upon the land and cooled into a hard substance removable only by blasting, it could become real property; *St. Louis Smelting & Refining Co.* v. *Hoban,* 357 Mo. 436, 443; or it could be treated by the owner as personalty; *Manson* v. *Dayton,* 153 F. 258, 263; depending on the intention of the owner in the light of all the surrounding circumstances. In the present case the slag pile not only was in existence at the time of the deed to the Minaccis but was specifically excluded from it. Whether the slag pile is to be treated as a corporeal hereditament with a right of way appurtenant or as personal property

with a right of way as an incorporeal hereditament need not be decided; in either event the plaintiffs cannot prevail. In the former case, the fee being in the defendants and no adverse possession shown, the plaintiffs must fail; in the latter case, although the right of way could be lost by abandonment; *Peck* v. *Lee,* 110 Conn. 374, 378; the evidence discloses no such abandonment—quite the contrary. Whatever the nature of the defendants' interest in the slag and the right of way, it is sufficient to defeat the present action.

Judgment may enter for the defendants.