570 P.2d 8 (1977)
The PEOPLE of the State of Colorado, Plaintiff-Appellee and Cross-Appellant,
v.
Doyle Kenneth COLE, Defendant-Appellant and Cross-Appellee.
No. 75-904.
Colorado Court of Appeals, Div. III.
May 19, 1977.
Rehearing Denied July 21, 1977.
Certiorari Granted October 11, 1977.
*9 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., E. Ronald Beeks, Asst. Atty. Gen., Denver, for plaintiff-appellee and cross-appellant.
Walter L. Gerash, P. C., Jeffrey A. Springer, Denver, for defendant-appellant and cross-appellee.
STERNBERG, Judge.
Defendant Doyle Kenneth Cole was charged with the "hard sale" of, and conspiracy to sell, a narcotic drug. The court reduced the charge to "soft sale" under what is now § 12-22-302, C.R.S.1973, and the jury found him guilty of that charge *10 and conspiracy. Since we agree with two of Cole's contentions of error, we reverse and remand for a new trial.

I.
The first of these contentions is founded upon proceedings relating to plea bargaining that took place prior to trial. Facing charges of "hard sale," Cole tendered a plea of guilty to "soft sale" of a narcotic drug, conditioned upon being granted probation. The plea was accepted subject to the condition, but when the court later reviewed a pre-sentence investigation report, it refused to grant probation, the plea bargain was aborted, and the prosecution continued.
At a suppression hearing held thereafter and before the commencement of trial, the court ruled correctly that neither evidence of this tendered plea nor its withdrawal could be introduced. See § 16-7-303, C.R. S.1973, which provides:
"Except as to proceedings resulting from a plea of guilty or nolo contendere (no contest) which is not withdrawn, the fact that the defendant or his defense counsel and the district attorney engaged in plea discussions or made a plea agreement shall not be received in evidence against or in favor of the defendant in any criminal or civil action or administrative proceeding."
See also Crim.P. 11(f)(6).
The trial court, however, also ruled that, if no reference was made to the context in which they arose, statements Cole made in court at the time he entered the aborted plea could be used to impeach him, if he denied guilt under oath. We agree with Cole's contention that the rule prohibiting use of a plea of guilty should also encompass statements made in connection with that plea.
The record reveals that, in concluding that the plea-related statements would be admissible, the trial court found especially persuasive Federal Rule of Evidence 410, which prohibits the introducing into evidence of a withdrawn plea but then states:
"This rule shall not apply to the introduction of voluntary and reliable statements made in court on the record in connection with any of the foregoing pleas or offers where offered for impeachment purposes or in a subsequent prosecution of the declarant for perjury or false statement."
That rule, however, was not to take effect until August 1, 1975, and by its own terms was to be "superseded by any amendment to the Federal Rules of Criminal Procedure...." Federal Rules of Criminal Procedure 11(e)(6) was amended and now provides:
"Except as otherwise provided in this paragraph, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connection with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel." (emphasis supplied)
Thus, the Federal Rule which the trial court found to be persuasive would now be inapplicable even in Federal Courts. And more importantly, we conclude that to permit the admission of plea-related statements for impeachment purposes would be both illogical and inconsistent with the thrust of the statutory prohibition against admission of the fact that plea negotiations had taken place.
One of the chief purposes for allowing plea bargaining is to foster the "effective administration of criminal justice." See § 16-7-301, C.R.S.1973; People v. White, 182 Colo. 417, 514 P.2d 69 (1976); People v. Hamilton, 60 Cal.2d 105, 32 Cal. *11 Rptr. 4, 383 P.2d 412 (1963); McCormick on Evidence § 251 (E. Cleary 2d ed.). Open discussions of a plea should be encouraged. See generally ABA, Standards Relating to Pleas of Guilty; Note, Guilty Plea Bargaining: Compromises by Prosecutors to Secure Guilty Pleas, 112 U.Pa.L.Rev. 865 (1965). It would be incongruous, on the one hand, to encourage plea bargaining by excluding from evidence at a subsequent trial the fact that the plea was made but later withdrawn, but, on the other, to permit a defendant's impeachment by the use of his statements made in conjunction with that plea. Especially is this true when we consider the trial court's duty to determine that a plea has a factual basis before accepting it. Section 16-7-207(2)(f), C.R.S. 1973; Crim.P. 11. Such a rule would deter plea bargaining rather than encourage it, undermining the policy which favors it.
Nevertheless, the People assert that Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) is determinative. There, the court said in oft-quoted language: "Every criminal defendant is privileged to testify in his own defense, or to refuse to do so. But that privilege cannot be construed to include the right to commit perjury." See also Oregon v. Hass, 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975); People v. Storr, 186 Colo. 242, 527 P.2d 878 (1974). However, eradication of the evils addressed by Harris would in no way be hindered by prohibiting impeachment of a defendant with evidence of statements he made at the time of entry of a guilty plea. There are explanations other than perjury for a defendant to agree that he did the act charged, especially where he is doing so in the belief he will be granted probation.[1] Nonetheless, if a defendant tells one story, under oath, to the judge and another to the jury, the objects of Harris can be vindicated. Indeed, amended Federal Rule 11(e)(6) provides for prosecution of a defendant for perjury based on the inconsistency of the two statements, and in such prosecution, statements made at the time of a plea bargain are admissible. See Oregon v. Hass, supra; and 2 J. Weinstein and M. Berger, Weinstein's Evidence ¶ 410[1]. Thus, there would be no perjury with impunity even if the prior contradictory statements cannot be used to impeach.
We hold, therefore, that statements made by a defendant in connection with a plea of guilty subsequently withdrawn may not be used for impeachment purposes at the trial of the defendant on those charges.

II.
We also agree with Cole's second contention, that the trial court erred when it allowed the People to cross-examine one Michael Johnson, a named co-conspirator, as to Johnson's post-arrest silence.
The information charged that Cole had conspired with Johnson to sell heroin. When Johnson was interrogated after his arrest he chose to exercise his Fifth Amendment right against self incrimination and remained silent. At the trial, however, Johnson testified on behalf of Cole and offered an explanation of the circumstances surrounding the arrest. This explanation formed the basis of Cole's defense. On cross-examination, the prosecutor was allowed, over Cole's objection, to impeach Johnson's testimony by alluding to Johnson's failure to offer the same story to the *12 police at the time of his arrest. Thus Johnson's exculpating testimony was shaken by the inference that it was inconsistent with his post-arrest silence. It was error to allow such cross-examination.
At the outset, we point out that the People's assertion that Cole is without standing to raise the constitutional rights of another is misplaced. The alleged error is founded upon rules of evidence not constitutional principles. Cf. People v. Knapp, 180 Colo. 280, 505 P.2d 7 (1973).
Regarding Cole's contention, we start our analysis with reference to United States v. Hale, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975). There the Supreme Court held that a defendant's silence during custodial interrogation could not be used at trial to impeach alibi testimony of the defendant and stated:
"A basic rule of evidence provides that prior inconsistent statements may be used to impeach the credibility of a witness. As a preliminary matter, however, the court must be persuaded that the statements are indeed inconsistent. . . . If the Government fails to establish a threshold inconsistency between silence at the police station and later exculpatory testimony at trial, proof of silence lacks any significant probative value and must therefore be excluded."
See also Grunewald v. United States, 353 U.S. 391, 77 S.Ct. 963, 1 L.Ed.2d 931, 62 A.L.R.2d 1344 (1957).
In Hale, the court also reasoned:
"Not only is evidence of silence at the time of arrest generally not very probative of a defendant's credibility, but it also has a significant potential for prejudice. The danger is that the jury is likely to assign much more weight to the defendant's previous silence than is warranted. And permitting the defendant to explain the reasons for his silence is unlikely to overcome the strong negative inference that the jury is likely to draw from the fact that the defendant remained silent at the time of his arrest."

See also People v. Sheperd, Colo.App., 551 P.2d 210 (1976).
Moreover, it is firmly established that silence in the wake of Miranda warnings is "insolubly ambiguous" and may be nothing more than an exercise of an arrestee's constitutional rights. Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).
While in Hale the Supreme Court dealt with the impeachment of the defendant and here the issue arises in the context of the cross-examination of a witness, we do not find this distinction crucial. The irrelevant and prejudicial testimony elicited to impeach Johnson had a direct affect upon the viability of Cole's defense and, therefore, its admission was error. Compare People v. Atencio, Colo., 565 P.2d 921 (announced May 16, 1977).

III.
Since they may arise on retrial of this case, we also discuss Cole's other two contentions of error, both of which we find to be without merit.
The first of these is that the court erred in admitting into evidence testimony concerning previous similar transactions between Cole and another. Evidence of similar transactions may be introduced to prove plan, motive, identity, or intent. See, e. g., People v. Ihme, 187 Colo. 48, 528 P.2d 380 (1974). Moreover, here, an appropriate limiting instruction was given. Stull v. People, 140 Colo. 278, 344 P.2d 455 (1959). Consequently, given the limited purpose for which it was offered, there was no error in the admission of the testimony in question.
Finally, Cole asserts that the trial court erred in allowing testimony that a gun was found in a search of his car incident to his arrest. Since it is the law in Colorado that the gun itself could have been properly admitted as part of the history of the arrest, Hafer v. People, 177 Colo. 52, 492 P.2d 847 (1972); Davis v. People, 137 Colo. 113, 321 P.2d 1103 (1958), a fortiori, testimony as to the seizure of the gun was properly admitted.
*13 The People's cross-appeal of the reduction of the charges by the court from "hard" to "soft" sale is without merit under the state of the record.
Judgment reversed and cause remanded for a new trial.
PIERCE and BERMAN, JJ., concur.
NOTES
[1] While guilty pleas and confessions are analogous they are nonetheless distinct concepts. Hence, analogy to Harris under the facts here is unwarranted. As stated in Note, Guilty Plea Bargaining: Compromises by Prosecutors to Secure Guilty Pleas, 112 U.Pa.L.Rev. 865 (1965):

"A confession is an averment that certain facts occurred, and is used as evidence in a fact-finding proceedingtrialwhose whole purpose is to determine whether the facts actually occurred. The nature of the trial proceeding requires that consideration be given to evidence, such as a confession, only to the extent that it has probative value, and, therefore, strict rules of admissibility have been formulated. On the other hand, the guilty plea is not necessarily an admission that the defendant engaged in a criminal incident, but is a conclusion that there is sufficient evidence for a judge or jury to find that he did so."
As such, statements made in connection with a guilty plea are of little, if any, probative value.