The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Michael A. BRANCH, Defendant–Appellant.

No. 87CA0077.

Colorado Court of Appeals, Div. I.

June 22, 1989.

Rehearing Denied July 20, 1989.

Certiorari Granted Jan. 2, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Hope P. McGowan, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, and Janet Fullmer Youtz, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, Michael A. Branch, appeals a judgment of conviction entered on a jury verdict finding him guilty of second degree murder. We reverse.

Defendant contends that statements made by him during a *sua sponte* court ordered competency examination were improperly used to impeach his testimony at trial. We agree.

Defendant's Sixth Amendment right to counsel attached as soon as adversarial proceedings were instituted against him. *See Estelle v. Smith*, 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981). The right to assistance of counsel is implicated whenever a defendant is required to make a decision which requires legal advice or is confronted by his adversary. *United States v. Ash*, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973). The right is fundamental and "by far the most pervasive for it affects the defendant's ability to assert any other rights he may have." *Hutchinson v. People*, 742 P.2d 875 (Colo.1987).

Under Colorado law, a defendant ordered to submit to a competency examination may choose not to cooperate with the psychiatrist. Section 16–8–106(2), C.R.S. (1986 Repl.Vol. 8A). Accordingly, as stated in *United States v. Garcia*, 739 F.2d 440 (9th Cir.1984):

"A defendant facing such an exam must make decisions with significant legal consequences and is in obvious need of counsel.... A defendant may need advice regarding what sort of questions he should expect, the need to cooperate, the possible ramifications of his answers. He may have legitimate Fifth Amend-

ment concerns regarding use of statements made...."

 In light of these considerations, we hold that a criminal defendant must be given the opportunity to consult with counsel prior to submitting to a court-ordered competency examination as such is a "critical stage" of the aggregate adversary proceedings. *See Estelle v. Smith, supra.*

 Here, the trial court *sua sponte* ordered a competency examination without the presence of defense counsel when defendant informed the court that he was concerned about his emotional and mental state. The trial court did not inform defendant that the could refuse to cooperate.

Although the record is unclear as to who was representing defendant at the time, there is no evidence that he intended to waive his right to assistance of counsel. Also, the trial court was aware that his family had retained out-of-state counsel who had made at least one appearance on defendant's behalf and had indicated an intent to hire local counsel. Yet, there is no evidence in the record that reasonable efforts were made to notify defense counsel of the court order. Furthermore, there is no evidence to show that defendant was given the opportunity to consult with any other attorney prior to submitting to the examination.

Therefore, we hold that, under the circumstances, defendant's statements were involuntary. *Cf. People v. Pearson,* 190 Colo. 313, 546 P.2d 1259 (1976).

 A statement which is involuntarily given is inadmissible for any purpose. *People v. Cole,* 195 Colo. 483, 584 P.2d 71 (1978). Thus, the trial court erred in allowing the use of statements made during the examination to impeach the defendant's testimony at trial.

An error of constitutional dimension requires reversal unless it was harmless beyond a reasonable doubt. *Graham v. People,* 705 P.2d 505 (Colo.1985), *cert. denied,* 484 U.S. 1069, 108 S.Ct. 1035, 98 L.Ed.2d 999 (1988).

Here, the jury was instructed on the issues of justification and heat of passion.

As defendant was the only available eyewitness to the event, his credibility was critical to the jury's determination of those issues. Furthermore, the impeachment brought to the jury's attention the prejudicial fact that he had undergone a psychiatric examination. Consequently, we are not convinced that the use of these statements was harmless beyond a reasonable doubt.

Defendant's remaining contentions are without merit.

The judgment of conviction is therefore reversed and the cause is remanded to the trial court for a new trial.

TURSI and HUME, JJ., concur.