25CA0901 StreetMediaGroup v DOT 04-16-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0901
City and County of Denver District Court No. 23CV33712
Honorable Jon J. Olafson, Judge

StreetMediaGroup, LLC,

Plaintiff-Appellant,

v.

Department of Transportation, State of Colorado, and Shoshana Lew, in her
official capacity as Executive Director of the Department of Transportation,
State of Colorado,

Defendants-Appellees.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE KUHN
Fox and Sullivan, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 16, 2026

Richards Carrington, LLC, Christopher P. Carrington, Todd E. Mair, Denver,
Colorado, for Plaintiff-Appellant

Philip J. Weiser, Attorney General, Barbara J. Stauch, Senior Assistant
Attorney General, Denver, Colorado, for Defendants-Appellees

¶ 1 Plaintiff, StreetMediaGroup, LLC (StreetMedia), appeals the district court's dismissal of its judicial review action brought against defendants, the Colorado Department of Transportation and Shoshana Lew, in her official capacity as its executive director (collectively, CDOT). We reverse and remand with directions.

## I. Background

¶ 2 This case arises from a highway advertising regulatory framework. To briefly summarize, the Outdoor Advertising Act regulates "advertising devices" next to state highways "in order to protect and promote the health, safety, and welfare of the traveling public." § 43-1-402(1)(a), C.R.S. 2025; *see* §§ 43-1-401 to -420, C.R.S. 2025; Dep't of Transp., Statement of Basis and Purpose and Statutory Authority, 2 Code Colo. Regs. 601-3. The act empowers CDOT to regulate outdoor advertising, including by issuing and renewing permits for advertising devices next to highways. *See* §§ 43-1-415, -407, C.R.S. 2025. The act further prohibits new advertising devices that are "visible from" highways "designated as scenic byways by [CDOT's] [T]ransportation [C]ommission." § 43-1-419(1)(a), C.R.S. 2025.

¶ 3    According to the complaint, CDOT approved a permit application for StreetMedia to erect a new electronic advertising sign near a highway.  It allegedly cost StreetMedia $90,679 to erect the sign, and it displayed noncommercial and commercial content for nearly a year.  StreetMedia claims that CDOT then provided notice that it had erred by approving the permit.  CDOT's notice said that it had previously overlooked that the sign was adjacent to the "Cache la Poudre-North Park Scenic and Historic Byway" (the scenic byway).  CDOT thus informed StreetMedia that it intended to "(1) revoke the [p]ermit for the [sign]; (2) deny any subsequent renewals of the [permit]; and (3) demand that StreetMedia remove the sign."

¶ 4    StreetMedia was unable to resolve the permit revocation with CDOT staff, and consequently, StreetMedia filed an administrative appeal with the Office of Administrative Courts.  *See* § 43-1-412(2)(c), (3), C.R.S. 2025; Dep't of Transp. Rule 5.00, 2 Code Colo. Regs. 601-3.  Ultimately, an Administrative Law Judge (ALJ) found that the sign was located along the scenic byway and was not lawfully erected.  The ALJ subsequently granted summary judgment to CDOT, concluding that the sign violated scenic byway

2

prohibitions on advertising under the Outdoor Advertising Act. After StreetMedia filed exceptions, CDOT issued a final agency order affirming the ALJ's decision and revoking the permit.

¶ 5 StreetMedia then filed a complaint with the district court. The complaint sought the following relief: (1) judicial review of CDOT's revocation of the permit under section 24-4-106, C.R.S. 2025; (2) a declaration under C.R.C.P. 57 that the designation of the scenic byway was unconstitutional; (3) a finding that a class-of-one violation of the Equal Protection Clause occurred; and (4) an injunction under C.R.C.P. 65 and section 24-4-106(7)(b).

¶ 6 CDOT moved to dismiss the claims for both lack of subject matter jurisdiction under C.R.C.P. 12(b)(1) and failure to state a claim under C.R.C.P. 12(b)(5). CDOT's Rule 12(b)(1) jurisdictional challenges contested the district court's authority in regard to each of StreetMedia's four claims.

¶ 7 However, rather than examining the claims individually, the district court addressed the motion to dismiss by sua sponte generally scrutinizing StreetMedia's standing to bring suit. *See People in Interest of J.C.S.*, 169 P.3d 240, 244 (Colo. App. 2007) (holding that the issue of standing can be raised sua sponte). The

district court summarily found that the sign was illegal, and therefore, the court ruled that StreetMedia lacked standing because it had no legally protected interest in an illegal sign. As a result, the district court granted the motion, dismissed the complaint in its entirety, and declined to rule on CDOT's Rule 12(b)(1) and 12(b)(5) assertions.

## II. Analysis

¶ 8 On appeal, StreetMedia claims that the district court erred by dismissing the complaint for lack of standing because StreetMedia sufficiently alleged that it had suffered injury in fact to legally protected property and constitutional interests. We agree.

### A. Standard of Review

¶ 9 We review standing de novo. *Weld Cnty. Colo. Bd. of Cnty. Comm'rs v. Ryan*, 2023 CO 54, ¶ 8.

¶ 10 "Standing is a jurisdictional prerequisite that may be raised at any stage of the proceeding." *C.W.B. v. A.S.*, 2018 CO 8, ¶ 16. The plaintiff bears the burden of proving jurisdiction. *City of Boulder v. Pub. Serv. Co. of Colo.*, 2018 CO 59, ¶ 14. As a jurisdictional issue, "the question of standing must be determined prior to a decision on

the merits." *Hickenlooper v. Freedom from Religion Found., Inc.*, 2014 CO 77, ¶ 7.

¶ 11     We determine standing within "the context of [the plaintiff's] claims for relief." *Colo. Manufactured Hous. Ass'n v. Pueblo County*, 857 P.2d 507, 511 (Colo. App. 1993).  In doing so, we accept all the allegations in the complaint as true.[1]  *Ryan*, ¶ 8.  "If a court determines that standing does not exist, then it must dismiss" the party's claims.  *Hickenlooper*, ¶ 7.  Yet "the test in Colorado has

---

[1] This rule is subject to an important caveat.  When a party makes a factual attack on the court's subject matter jurisdiction under C.R.C.P. 12(b)(1), the court need not treat the nonmoving party's factual allegations as true but rather may weigh the evidence and satisfy itself as to its power to hear the case.  *Medina v. State*, 35 P.3d 443, 452 (Colo. 2001).  Here, however, CDOT's motion to dismiss didn't assert a factual attack on standing; that issue was raised sua sponte by the district court.  In addition, the district court didn't admit any evidence at the hearing on CDOT's motion — supportive of standing or otherwise.  Indeed, the court's core finding (that the sign could not be "lawfully erected") relied on only the ALJ's summary judgment order, not on the exhibits attached to the motion to dismiss.  *Cf. Colo. Gen. Assembly v. Lamm*, 700 P.2d 508, 516 (Colo. 1985) ("In determining whether a plaintiff has asserted a sufficient injury to satisfy the test of standing, the court must accept the averments of the complaint as true and may consider other evidence supportive of standing."); *Perttu v. Richards*, 605 U.S. 460, 472 (2025) (cautioning that trial courts may not resolve factual disputes when assessing subject matter jurisdiction if "the factual disputes are intertwined with the merits").

5

traditionally been relatively easy to satisfy." *Ainscough v. Owens*, 90 P.3d 851, 856 (Colo. 2004).

B.     Applicable Law

¶ 12      "[S]tanding involves a consideration of whether a plaintiff has asserted a legal basis on which a claim for relief can be predicated." *Bd. of Cnty. Comm'rs v. Bowen/Edwards Assocs., Inc.*, 830 P.2d 1045, 1052 (Colo. 1992). A plaintiff establishes standing by showing they "suffered (1) an injury in fact (2) to a legally protected interest." *Ryan*, ¶ 9 (citing *Wimberly v. Ettenberg*, 570 P.2d 535, 539 (Colo. 1977)).

¶ 13      The injury-in-fact prong maintains the separation of powers and requires a "'concrete adverseness which sharpens the presentation of issues' that parties argue to the courts." *City of Greenwood Village v. Petitioners for Proposed City of Centennial*, 3 P.3d 427, 437 (Colo. 2000) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)). An injury can be tangible, such as physical damage or economic harm; an injury can also be intangible, such as deprivation of legal rights or civil liberties. *League of Women Voters of Greeley, Weld Cnty., Inc. v. Bd. of Cnty. Comm'rs*, 2025 CO 8, ¶ 25; *Ainscough*, 90 P.3d at 856. But an injury in fact cannot be

6

overly indirect or incidental, nor can it be a remote possibility. *Hickenlooper*, ¶ 9.

¶ 14    The second prong of the standing inquiry requires that the plaintiff have a legal interest protecting the alleged injury. *Ainscough*, 90 P.3d at 856.  Legally protected interests "encompass all rights arising from constitutions, statutes, and case law." *Id.*  A legally protected interest can be a tangible or economic interest, such as "one of property, one arising out of contract, one protected against tortious invasions, or one founded on a statute which confers a privilege." *Id.* (quoting *Wimberly*, 570 P.2d at 537).  The interest can also be intangible, "such as an interest in free speech or expression, or an interest in having a government that acts within the boundaries of our state constitution." *Id.*

C.    The District Court Erred by Assuming Illegality

¶ 15    As an initial matter, we conclude that the district court erred by summarily finding that the sign was illegal.  StreetMedia's complaint alleged that the sign was "lawfully constructed" because the scenic byway designation was unenforceable.  Despite these allegations, the district court relied on the ALJ's findings to assume that the sign was an "illegal advertising device inconsistent with the

Outdoor Advertising Act." It follows that the court erred because such an assumption directly contradicted StreetMedia's allegations, which the court should have accepted as true when evaluating standing. *See Reeves-Toney v. Sch. Dist. No. 1*, 2019 CO 40, ¶ 20 ("In determining whether standing has been established, we accept as true all material allegations of fact in the complaint."). Further, StreetMedia's complaint alleged that there was no substantial evidence in the record supporting the ALJ's factual findings. This is a substantive judicial review claim challenging those findings, which precludes the district court from assuming that the ALJ's challenged factual findings are true. *See* § 24-4-106(7)(b).

¶ 16    Besides, the district court failed to consider StreetMedia's equal protection claim, which depends on CDOT's conduct itself, not the sign's legality. *See Archer Daniels Midland Co. v. Colorado*, 690 P.2d 177, 182 (Colo. 1984) (holding that for standing, the Equal Protection Clause protects against both ingenious and open discrimination).

¶ 17    Even so, CDOT contends that we should uphold the district court's conclusions because a reviewing court must defer to an agency's findings unless clearly erroneous or unsupported by the

8

record.  *See* § 24-4-106(7)(b).  But this contention fails because such deference is not applicable for determining standing, which is addressed before determinations on the merits.  In other words, a standing determination is based solely on the allegations and claims in the complaint (and any supporting evidence).  *See Ainscough*, 90 P.3d at 857 ("[W]e look not to the policy being challenged, but to the right that it is *alleged* to have injured." (emphasis added)); *Colo. Manufactured Hous. Ass'n*, 857 P.2d at 511 ("[W]hether the injury resulted from the alleged action of the defendant is not part of the inquiry on standing . . . ."); *Conrad v. City & County of Denver*, 656 P.2d 662, 668 (Colo. 1982) ("[T]hat the prudential requirement of the standing rule has been satisfied is based on the plaintiffs' *allegations* and is not equivalent to a holding on the merits . . . ." (emphasis added)).

### D.    StreetMedia Has Standing

¶ 18    Although the district court erred in the procedure it applied, we still must determine de novo whether StreetMedia met its burden to establish standing.  *See Pub. Serv. Co. of Colo.*, ¶ 14.  To make this determination, our inquiry must focus on the allegations in relation to each of StreetMedia's claims.  *See Wimberly*, 570 P.2d

9

at 539 ("When standing is in issue, the broad question is whether the plaintiff has stated a claim for relief which should be entertained in the context of a trial on the merits."). Addressing each claim in turn, we conclude that StreetMedia has standing.

### 1. StreetMedia Has Standing for Its Judicial Review Claim

¶ 19 Because StreetMedia has a statutory right to judicial review of CDOT's permit revocation, StreetMedia has standing for its judicial review claim.

¶ 20 Under the State Administrative Procedure Act (APA), "any person *adversely affected or aggrieved* by any agency action may commence an action for judicial review in the district court." § 24-4-106(4) (emphasis added); *see Marks v. Gessler*, 2013 COA 115, ¶ 85 (holding that the right to judicial review under the APA is limited to aggrieved parties). *Aggrieved* under the APA means "having suffered actual loss or injury or being exposed to potential loss or injury to legitimate interests including, but not limited to, business, economic, aesthetic, governmental, recreational, or conservational interests." § 24-4-102(3.5), C.R.S. 2025. And an aggrieved party has standing for judicial review because it has a

legally protected interest in an agency not exercising its discretion arbitrarily. *See Ainscough*, 90 P.3d at 857 ("A statutory or constitutional right to a non-arbitrary exercise of discretion in [an agency decision] is all that is needed for a legally protected interest.").

¶ 21    The Outdoor Advertising Act creates a right to request an administrative hearing under the APA for the denial of an advertising device permit, which creates, in turn, a right to judicial review by the district court. §§ 43-1-412(3), 24-4-106(4); *see Orsinger Outdoor Advert., Inc. v. Dep't of Highways*, 752 P.2d 55, 63 (Colo. 1988) (holding that the Outdoor Advertising Act is constitutional, in part, because "subsequent judicial review of the department's administrative action is available and will be effective" through the APA); *see also Ryan*, ¶ 15 (noting that because the APA doesn't confer standing, some other source of law must give rise to a cause of action under the APA).

¶ 22    Here, StreetMedia's judicial review claim asserts that CDOT's revocation of the permit was arbitrary and capricious, constituted an abuse of discretion, was unsupported by evidence in the record, and was contrary to StreetMedia's First Amendment right to display

noncommercial and commercial speech. StreetMedia alleges that CDOT's revocation of StreetMedia's permit caused actual economic losses to its property interests, potential losses to advertising revenue, and injury to its free speech interests. StreetMedia, then, has standing as an aggrieved party because it has a legally protected interest in CDOT not revoking its permit arbitrarily or capriciously. *See Ainscough*, 90 P.3d at 857.

## 2. StreetMedia Has Standing for Its Declaratory Relief Claim

¶ 23 StreetMedia also demonstrated it has standing for its declaratory relief claim by alleging both that the scenic byway designation was improper and that it injured StreetMedia's property and constitutional interests.

¶ 24 Standing to maintain a declaratory relief action requires "an injury in fact to a legally protected or cognizable interest." *Byers Peak Props., LLC v. Byers Peak Land & Cattle, LLC*, 2026 CO 7, ¶ 27 (citation omitted); *see* C.R.C.P. 57. And because an agency does not have authority to determine a facial constitutional challenge, a party does not have to raise such a challenge in agency proceedings

before raising it in the district court.  *Campaign Integrity Watchdog LLC v. Griswold*, 2025 COA 18, ¶ 20 n.5.

¶ 25     StreetMedia's declaratory relief claim alleged that CDOT's Transportation Commission did not lawfully designate the scenic byway — or at least CDOT failed to demonstrate a legal designation before the ALJ.  The complaint alleged that CDOT injured StreetMedia by revoking the permit based on an unenforceable and void scenic byway designation.[2]  Accordingly, StreetMedia sought a declaration that the scenic byway designation is void, enforcement based on the void designation violates StreetMedia's rights, and the void designation precludes revoking the permit.  Similar to the judicial review claim, StreetMedia has standing because the alleged injury directly impacted StreetMedia's tangible property interests in its sign and nontangible free speech rights.  *See Ainscough*, 90 P.3d at 856.

---

[2] To clarify, the designation of the scenic byway itself creates the prohibitions on visible advertising devices.  *See* § 43-1-419, C.R.S. 2025; Dep't of Transp. Rule 9.00, 2 Code Colo. Regs. 601-3.

### 3. StreetMedia Has Standing for Its Equal Protection Claim

¶ 26    StreetMedia has standing as a "class of one" for its equal protection claim because it alleged an injury to its constitutional right to be free from intentional discrimination.

¶ 27    The Fourteenth Amendment to the United States Constitution protects against "intentional and arbitrary discrimination." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (quoting *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441, 445 (1923)); *see* Colo. Const. art. II, § 25; *see also Garhart v. Columbia/Healthone, L.L.C.*, 95 P.3d 571, 583 (Colo. 2004) ("Article II, section 25 of the Colorado Constitution is our state's counterpart to the federal guarantee."). A plaintiff pleads a colorable class-of-one equal protection claim when it "alleges that [it] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Olech*, 528 U.S. at 564.

¶ 28    StreetMedia alleged that it is a class of one because CDOT had intentionally granted or denied advertising permits in a way that favored StreetMedia's competitors without a rational basis for the

disparate treatment. As a result, StreetMedia has standing because it alleged an injury to its constitutional right to receive nondiscriminatory treatment in CDOT's administration of the Outdoor Advertising Act. *See Garhart*, 95 P.3d at 583 (holding that the plaintiffs' alleged facts of equal protection violations were sufficient to satisfy Colorado's standing requirements).

### 4. StreetMedia Has Standing to Seek Injunctive Relief

¶ 29 "A plaintiff seeking injunctive relief satisfies the threshold requirement of standing by showing that the action complained of has caused or has threatened to cause imminent injury to an interest protected by law." *Bowen/Edwards Assocs.*, 830 P.2d at 1054. "A plaintiff may seek injunctive relief in concert with a declaratory [relief] action under appropriate circumstances." *Id.* at 1055. Likewise, a court can enjoin agency action in connection with a judicial review claim. § 24-4-106(8).

¶ 30 StreetMedia's injunctive relief claim seeks to enjoin the "enforcement of the Final Agency Order" to prevent irreparable harm because the permit revocation was based on the allegedly improperly designated scenic byway. Taking StreetMedia's allegations as true, together with its declaratory relief and judicial

15

review claims, StreetMedia sufficiently alleged that its property and free speech interests are threatened.  Specifically, StreetMedia alleged that its interests are threatened by the imminent enforcement of the permit revocation and sought an injunction against the revocation pending a final judgment on the validity of the scenic byway designation and resolution of the judicial review claim.  Thus, StreetMedia has standing to seek injunctive relief. *Cf. Bowen/Edwards Assocs.*, 830 P.2d at 1055 (emphasizing that resolving the question of standing does not resolve whether plaintiff is entitled to a permanent injunction).[3]

---

[3] We decline StreetMedia's request to apply judicial estoppel to CDOT based on oral arguments of counsel before another division in an unrelated case involving statutory regulations not at issue here.  We also don't consider the parties' citations to unpublished decisions by divisions of this court.  This court's policy prohibits citation to our opinions that are not selected for official publication, with exceptions not applicable here.  *See* Colo. Jud. Branch, *Court of Appeals Policies, Policy Concerning Citation of Opinions Not Selected for Official Publication* (2026), https://perma.cc/ZQW2-H29D.

¶ 31     Although we determine StreetMedia has standing to bring its claims[4] — accepting the allegations in its complaint as true for this purpose — we take no position on the viability of its substantive claims.  CDOT argued in the district court that StreetMedia's complaint failed to state a claim for relief and that it suffered from other flaws related to subject matter jurisdiction.  But the district court did not reach those arguments, and CDOT does not ask us to affirm the dismissal on alternate grounds.  *See Galvan v. People*, 2020 CO 82, ¶ 45 ("[T]he party presentation principle . . . assumes that parties . . . 'know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.'" (quoting *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020)).  We therefore leave those questions for the district court.

¶ 32     Given all of the above, we conclude that the district court erred by dismissing the complaint for lack of standing and remand for the court to address the arguments raised in CDOT's motion to dismiss.

---

[4] This includes all four claims in the complaint, though "an injunction, even if pleaded as a claim for relief, is a remedy, not an independent cause of action."  *Coomer v. Donald J. Trump for President, Inc.*, 2024 COA 35, ¶ 217.

### III. Disposition

¶ 33    The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE FOX and JUDGE SULLIVAN concur.