[Crim. No. 5382. Second Dist., Div. One. Oct. 4, 1955.]

THE PEOPLE, Respondent, v. ADOLPH LEE TATE, Appellant.

John E. Glover, under appointment by District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Chief Assistant Attorney General, and William M. Bennett, Deputy Attorney General, for Respondent.

WHITE, P. J.—This is an appeal from an order dismissing a petition for a writ of error *coram nobis.*

In an information filed on October 26, 1953, in the Superior Court of Los Angeles County, appellant herein was charged (Count I) with burglary (Pen. Code, § 459), (Count II) grand theft (Pen. Code, § 487, subd. 3), and (Count III) violation of section 503 of the Motor Vehicle Code (automobile theft). He was tried on January 21st and 27th, 1954. The evidence presented at such trial consisted of the transcript of appellant's preliminary examination, testimony of witnesses for the prosecution, and the testimony of appellant himself. The trial judge found appellant guilty of the offense charged in Count III of the information, that is, violation of section 503 of the Vehicle Code, and also found that two prior felony convictions alleged in the information were true. Appellant was found not guilty under Counts I and II. Motion for a new trial was denied and a state prison sentence imposed. No appeal was taken.

Thereafter, on November 26, 1954, appellant filed in the trial court a petition seeking a writ of error *coram nobis,* in which petition it was alleged that certain evidence favorable to appellant was suppressed by the Los Angeles Police Department, and that a police officer who appeared as a witness for the prosecution committed perjury. There was also presented with the petition an affidavit of one John S. Branch, an inmate, with appellant, at Folsom State Prison, wherein said Branch avers that he had committed the crime for which appellant was convicted and that prior to the trial of appellant said Branch confessed the commission of said crime to investigating officers of the Los Angeles Police Department. On December 6, 1954 appellant's petition for a writ of error *coram nobis* was called for hearing in the superior court. Appellant was not present or represented. No evidence was taken, no counteraffidavit to that of Branch was presented, and the court entered its order denying the petition. It is from this order that appellant prosecutes this appeal.

Counsel appointed by the court to represent appellant in this appeal concedes that the question of the sufficiency of the evidence to support the judgment of conviction cannot be raised in this proceeding. That this court is limited in its inquiry and cannot consider allegations made by appellant in his petition (filed in propria persona) for a writ of error *coram nobis* which were reviewable on motion for a new trial

or on appeal. In his reply brief such counsel also states, "Further, although the petition is based upon a claim of suppression of evidence by the police department, the appellant's opening brief" (filed in propria persona) "stresses a claim of perjury by the police and we do not now urge the latter."

Appellant's counsel challenges respondent's contention that "the question here presented was reviewable upon appeal from the original judgment," and the further claim of respondent that, "no reason appears for not reviewing these newly claimed errors by orderly process of appeal." It is urged that in order to raise the question of Branch's confession on motion for a new trial or on appeal it would manifestly have been necessary to have had knowledge of such confession at the time he could have filed a motion for a new trial. That appellant acquired such knowledge only after judgment was pronounced and he had been sent to Folsom State Prison pursuant thereto. It is further urged that if the acts charged against the police officer are true, then appellant was denied due process of law. It is further contended that it was error to deny the petition without a hearing and without evidence, either oral or by affidavit, controverting appellant's supporting affidavit as to the confession allegedly made by Branch. Appellant concedes that had a hearing been had and the evidence was in conflict as to appellant's allegations, then the court might properly deny the petition, and where such conflicts were resolved by the trial court adversely to appellant, such conclusion would be conclusive on appeal.

The allegations contained in appellant's supporting affidavit that the police suppressed evidence in their possession that Branch had confessed to the crime for which appellant was on trial stands uncontradicted and we must assume for the purposes of this appeal, under the circumstances narrated, that the averments in the affidavit filed in support of the motion are true (*People* v. *Odlum,* 91 Cal.App.2d 761, 771, 772 [205 P.2d 1106]). Since, in the instant case, it is manifest that the trial judge could not have had any information or knowledge concerning the truth or falsity of appellant's claim, at least a counteraffidavit should have been filed if the verity of the supporting affidavit was challenged. We are satisfied that a hearing should be had upon the merits, and if the evidence at such hearing raises a conflict, the determination

34

of the conflict in the evidence or affidavits will be for the trial court, following a hearing on the merits.

The order is reversed and the cause remanded with directions to the court below to hold a hearing on the merits in accordance with the views herein expressed.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied October 17, 1955, and respondent's petition for a hearing by the Supreme Court was denied November 3, 1955. Edmonds, J., and Spence, J., were of the opinion that the petition should be granted.