No. 21396.

HARRY ROBERTS *v*. THE PEOPLE OF THE STATE OF COLORADO.
(404 P.2d 848)

Decided August 23, 1965.

R. Franklin McKelvey, LaVerne H. McKelvey, for plaintiff in error.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, George E. DeRoos, Assistant, for defendant in error.

*In Department.*

Opinion by Mr. Chief Justice Pringle.

The plaintiff in error, who will hereinafter be designated as Roberts, filed a motion in the trial court under Rule 35(b), Colo. R. Crim. P., in which he sought to vacate a sentence of ninety-nine years to life which the court imposed upon him after he had pled guilty to the charge of murder in the second degree.

In his motion Roberts alleged with great particularity of detail that his plea of guilty was entered pursuant to a promise made to him by the district attorney in the presence of his own attorney and outside the presence of the court that if he would plead guilty to second degree murder his sentence would be ten years to life, and this, in turn, would give Roberts a parole within five years.

Roberts pointed out in his motion that the court, in accepting his plea, warned him that he could receive a sentence of from ten years to life. Roberts states that he therefore assumed that this was but a reaffirmation of the ten years to life sentence that the district attorney had promised him would be the sentence. The trial judge, without a hearing on the matters alleged, denied Roberts' motion to vacate the sentence. The court stated that the records and the files in the case showed that the prisoner was not entitled to relief under Rule 35(b), and that, by reason of the court's recollection of the hearing on aggravation and mitigation, he would not give credence to anything that the petitioner had stated in his motion.

From this judgment of the trial court Roberts brought writ of error here and sought to require the district court to grant him a full hearing on the factual matters urged

by him in his Rule 35(b) motion. The Attorney General has confessed error.

▆ Rule 35(b), Colo. R. Crim. P., sets forth the applicable standards and the procedure required of the court when a motion to vacate, set aside or correct a sentence is filed:

" * * * Unless the motion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief, the court shall cause notice thereof to be served on the prosecuting attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. If the court finds that * * * there was a violation of the prisoner's constitutional rights of a sort not effectively subject to review on writ of error * * * the court shall vacate and set aside the judgment, and shall discharge the prisoner or resentence him or grant a new trial as may appear appropriate. * * *"

▆▆ There can be no doubt that, if the allegations contained in Roberts' motion are true, he is entitled to have the judgment vacated. A plea of guilty induced by a promise of leniency by the prosecution of such character as was allegedly made here is not a voluntary act. *Machibroda v. United States,* 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473; *Bistram v. United States,* 237 F.2d 243 (8th Cir. 1956); *Motley v. United States,* 230 F.2d 110 (5th Cir. 1956); *United States v. Paglia,* 190 F.2d 445 (2d Cir. 1951); *People v. Odlum,* 91 Cal. App.2d 761, 205 P.2d 1106; *People v. Gilbert,* 25 Cal.2d 422, 154 P.2d 657. Where the guilty plea results in a sentence far in excess of that which it is alleged was promised by the district attorney, the prisoner is entitled to have the sentence vacated, and to go to trial on a plea of not guilty where he alleges, as he does here, that he has a valid defense to the charge.

▆ Under Rule 35(b), Colo. R. Crim. P., if the motion sets forth facts constituting proper grounds for relief, the court must grant a prompt hearing "unless the mo-

tion and the files and record of the case show to the satisfaction of the court that the prisoner is not entitled to relief." See *Machibroda v. United States, supra; United States v. Hayman,* 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; *Steinberg v. United States,* 256 F.2d 143 (5th Cir. 1958); *Bailey v. United States,* 246 F.2d 698 (D.C. Cir. 1957); *Bistram v. United States, supra; Motley v. United States, supra; Wheatley v. United States,* 198 F.2d 325 (10th Cir. 1952); *United States v. Paglia, supra; People v. Tate,* 136 Cal. App.2d 31, 288 P.2d 149; *People v. Odlum, supra.*

██ We have already demonstrated that Roberts' motion alleges facts which, if proved, show a violation of a constitutional right. Furthermore, it is clear that the factual allegations contained in the motion related primarily to matters which occurred outside the court room and were obviously therefore not a part of the record. The trial court's review of the record could therefore not show in the instant case whether Roberts' allegations were true or false. The court's memory of events which occurred at the hearings on aggravation and mitigation cannot substitute for the prisoner's right to present evidence, if he can, to substantiate the charges he makes concerning events which occurred outside the presence of the court and which do not appear in the record. Neither the motion, the files nor the record in this case supply the material necessary for the proper disposition of the question Roberts has raised. Accordingly, we hold that the trial court erred when it denied Roberts' motion without a hearing.

██ That Roberts' allegations seem unbelievable or improbable is not the test set forth in the Rule for determining whether a hearing should or should not be afforded the prisoner. Unless the motion itself, the files or the record of the case show that the prisoner is not entitled to relief, he must be given an opportunity to support his allegations with evidence presented at a hearing.

The judgment is reversed and the matter remanded for further proceedings not inconsistent with the views expressed herein.

MR. JUSTICE MOORE, MR. JUSTICE SUTTON and MR. JUSTICE MCWILLIAMS concur.