## No. 22112.

### JOE SAM WALKER *v.* THE PEOPLE OF THE STATE OF COLORADO.

(417 P.2d 14)

Decided July 25, 1966.

FRANCIS R. SALAZAR, CARL L. HARTHUN, for plaintiff in error.

DUKE W. DUNBAR, Attorney General, FRANK E. HICKEY, Deputy, JOHN P. MOORE, Assistant, for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the court.

IN 1949 Joe Sam Walker was convicted of murder in

the second degree and was sentenced to a term of from eighty years to life in the state penitentiary. Upon review by writ of error, this judgment and sentence was affirmed. *Walker v. People,* 126 Colo. 135, 248 P.2d 287.

Some thirteen years after his conviction was upheld by this court, Walker filed with the trial court a motion for relief under Rule 35(b), Colo. R. Crim. P. Upon hearing the trial court denied this motion, holding in essence that the motion on its very face was legally insufficient to warrant the granting of any relief. By the present writ of error Walker now seeks reversal of the judgment denying his motion for relief under Rule 35(b).

Though the district attorney appeared in the trial court and resisted Walker's motion, in this court the Attorney General nevertheless "confesses error." The Attorney General suggests that the matter should be remanded to the trial court with direction that it in turn should permit Walker to introduce evidence, if such he has, which would show or tend to show that certain of his constitutional rights have been violated.

At the hearing in the trial court Walker was not given the opportunity to offer anything of an evidentiary nature in support of the various and sundry allegations contained in his motion under Rule 35(b). The trial court did, however, hear oral argument both in support of, and in opposition to, the motion.

The Attorney General's position is that many, indeed most, of the matters asserted by Walker in his motion pose only issues which have already been considered and rejected by us in *Walker v. People, supra;* that certain other matters sought to be raised in the motion are of such nature that they too could be resolved on the record as already made; but the Attorney General then goes on to concede that at least one matter sought to be raised by the motion is of such nature that it could *only* be resolved after a hearing in which Walker had the opportunity to present evidence.

■ The particular matter which the Attorney General concedes could *only* be determined after an evidentiary hearing relates to Walker's claim that he did not receive a fair and impartial trial because of pre-trial publicity. From a procedural standpoint, the Attorney General states that the instant case is governed by *Roberts v. People,* 158 Colo. 76, 404 P.2d 848, which incidentally was decided subsequent to the time the matter was before the trial court.

With this position of the Attorney General we are in general accord. Certainly, many of the allegations in the motion are legally insufficient to warrant the granting of any relief, and these matters could be passed upon by the trial court without resort to anything of an evidentiary nature.

However, in his motion Walker alleges, among other things, that he was denied his constitutionally protected right to a fair and impartial trial because of massive and highly prejudicial pre-trial newspaper publicity which resulted, he claims, in a trial by newspaper, rather than by a fair and impartial jury of his peers. It is in this regard only that the Attorney General "confesses error" and asks that the matter be remanded to the trial court.

It should be emphasized that the Attorney General is *not* conceding that Walker's motion to vacate and set aside his conviction and sentence should be granted. Indeed, the Attorney General states that the People too should have the opportunity to introduce whatever evidence is necessary to establish that Walker did in fact receive a fair and impartial trial, notwithstanding extensive pre-trial publicity.

Rather, it is the Attorney General's position that this particular portion of Walker's motion could not be "summarily denied" but under Rule 35(b) necessitated a hearing into the merits of the matter. This is so, says the Attorney General, because the particular issue under the circumstances was not *effectively* subject to review by writ of error and therefore is a matter which

under Rule 35 (b) may be — indeed should be — inquired into by the trial court. And, as we have already indicated, we are in accord with the Attorney General's analysis of the situation.

Further consideration of this matter by the trial court should, of course, be made in the light of *Sheppard v. Maxwell*, 384 U.S. 333, 86 S. Ct. 1507, 16 L. Ed.2d 600, which was also decided subsequent to the time the instant matter was before the trial court.

The judgment denying Walker's motion under Rule 35 (b) is reversed and the cause remanded with direction that the further and additional hearings in connection with the motion be held consonant with the views expressed herein.

MR. CHIEF JUSTICE SUTTON not participating.