Per Curiam.
Plaintiff in error entered a plea of quilty to an information in which he was accused of the crime of larceny by bailee. He was sentenced to the State Penitentiary for a period of not less than seven nor more than ten years.
The record discloses that the defendant had been represented by an attorney at various proceedings prior to his change of plea from not guilty to guilty. At the time of his change of plea, he was advised in great detail by the trial court of his right to counsel and of the fact that if he did not have sufficient funds with which to employ an attorney the court would appoint one for him. He was also carefully advised of the possible consequences of his plea.
The representative of the District Attorney’s office suggested that the matter be continued to give the defendant an opportunity to employ counsel or for the purpose of the appointment of counsel. He declined, advised the court that he did understand his rights and requested that his plea of guilty be entered and *408 that he be sentenced forthwith. This latter request was denied by the court until a pre-sentence investigation could be made. After the court received the pre-sentence report, he was duly sentenced.
He thereafter filed a motion pro se under Colo. R. Crim. P. 35(b) which, though perhaps not artfully drawn, alleges in substance that he was denied an attorney and that the court was without jurisdiction to accept his plea, and that his constitutional rights had been violated. This motion was denied by the trial court without an evidentiary hearing.
The record discloses that the prisoner was 54 years of age at the time of his arraignment and was not without considerable experience in the criminal courts. It is apparent that the trial court was correct in its conclusion that, from the record and files available to it, his allegations of being improperly denied an attorney and lack of jurisdiction were without merit.
He alleges, however, in his 35(b) petition, that his guilty plea was coerced and was the result of threats and promises made to him by some person or persons not named. He couples this allegation with a statement that he has a defense to the action in that he contends that he was in jail at the time the crime was committed and so advised the sentencing court.
These allegations bring this case squarely within the purview of the rule announced in Roberts v. People, 158 Colo. 76, 404 P.2d 848 and, as was done in that case and in the later case of Walker v. People, 160 Colo. 286, 417 P.2d 14, the order and judgment of the trial court denying the Rule 35(b) motion is reversed and the matter is remanded for the holding of an evidentiary hearing upon the motion and the entry of such other and further orders as may be proper in the premises.
Mr. Justice Day, Mr. Justice McWilliams and Mr. Justice Pringle concur.