Mr. Chief Justice. Moore
delivered the opinion of the Court.
*359 Plaintiff in error, hereinafter referred to as Black, filed a petition under Colo. R. Crim. P. 35(b) in which he stated that he was convicted of burglary in the district court of Boulder county and sentenced to a term in the state penitentiary. It is alleged in his petition that he instructed his court-appointed attorney to file a motion for a new trial and to take all steps necessary to secure a review in this court on writ of error; and it is further alleged that his appointed lawyer advised him “that all necessary preparations would be taken to insure such an appeal.”
No motion for a new trial was filed on behalf of Black and for that reason the trial court denied a request for a free transcript of the record and for appointment of counsel to represent him on writ of error to this court. Admittedly, the time for filing a motion for new trial had expired prior to the request for a free transcript.
On March 18, 1966, the judge who presided at the trial on the burglary charge wrote to Black and informed him that since no motion for a new trial had been filed he was not entitled to writ of error. The letter included the following:
“For these reasons, your present Motion cannot be granted, and the same is denied. Your attention is invited to Rule 35 (b), entitled ‘Post Conviction Remedy for Prisoners in Custody.’ This Rule relates to the possible violation of a prisoner’s constitutional rights.”
Approximately one year thereafter Black, appearing pro se, filed what he captions “MOTION (Rule 35,b) TO ANNUL, VACATE AND SET ASIDE THE JUDGMENT.” This motion was denied on April 27, 1967. In so doing the court said, inter alia:
“It is the position of this Court that the defendant is required to comply with the Colorado Rules of Criminal Procedure and that until and unless he does comply with said Rules, he may not complain that his constitutional rights have been infringed. We need not go outside of the record in this case to determine that the defendant *360 had adequate representation during the trial and that the defendant expressed approval of the defense presented on his behalf. When the Court is advised by competent counsel for the defendant that in his opinion there is no error in the record which warrants filing a motion for new trial or for taking an appeal to the Supreme Court, we conclude that it would be futile to provide the defendant with transcript of the record and to appoint counsel to prosecute an appeal when such an appeal appears to be unauthorized by failure to comply with the established Rules of Criminal Procedure.”
The Attorney General, in his answer to the “brief” of Black which is directed to denial of the 35 (b) petition, makes the following statement, inter alia:
“* * * before the merits of this appeal can be determined it is first necessary that the trial court conduct a hearing into the merits of the allegations made in the petition for 35(b) relief. Roberts v. People, 158 Colo. 76, 404 P.2d 848.
We agree. See also Cruz v. Patterson, 253 F. Supp. 805, (D.C. Colo. 1966).
The judgment denying the petition for post conviction relief is vacated, and the cause remanded to the district court with directions to conduct a hearing thereon; to make findings upon pertinent issues of fact alleged therein; and to enter judgment consistent with the findings of fact.