**No. 26334**

**The People of the State of Colorado v. Richard Lloyd Salvador**

(539 P.2d 1273)

Decided July 28, 1975.

John P. Moore, Attorney General, John E. Bush, Deputy, David A. Sorenson, Assistant, John R. Rodman, Assistant, for plaintiff-appellee.

George A. Johnson, for defendant-appellant Legal Aid and Defender Program.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

On January 9, 1963, after a three day trial to a jury, defendant Richard Lloyd Salvador was convicted of first-degree murder, and sentenced to life imprisonment. No appeal was initiated. In November of 1967, the defendant filed a *pro se* motion seeking a free transcript of the trial. This motion was denied for failure to comply with certain procedural requirements.

On October 8, 1971, the defendant, now represented by counsel, filed a motion for a free transcript asserting eight alleged errors which might be the basis for granting relief, and some of which might involve violated constitutional rights. The trial court granted the defendant a partial transcript.

On May 15, 1973, the defendant filed a motion to vacate judgment under Crim. P. 35(b). Five grounds for relief were alleged. On November 8, 1973, this motion was denied, and this appeal was lodged.

On February 28, 1974, the Governor commuted defendant's sentence to 25 years to life. The defendant later became eligible for parole and has now been released on parole.

## I.

The attorney general urges that we should not consider the assignments of error raised by the defendant because his postconviction collateral attack upon the judgment of conviction is barred by laches. An extension of the doctrine announced in *People v. Bucci*, 184 Colo. 367, 520 P.2d 580 (1974) is urged. In *Bucci*, the defendant had pled guilty to forgery in 1950, and was sentenced to two to three years in prison. In 1972, he challenged the conviction. We therein recognized and applied §2.4(c) of the American Bar Association Standards for Criminal Justice Relating to Post-Conviction Remedies, which provides:

"A state has a legitimate interest in avoiding litigation of stale claims. Where an applicant has completed service of a challenged sentence and, belatedly, seeks post-conviction relief, he can be charged with the responsibility of showing present need for such relief."

In *Bucci*, the defendant had long since completed serving his sentence, and he was unable to make a showing of present need for relief. We therefore upheld the trial court's denial of *Bucci's*, 35(b) motion.

The language of section 2.4(c) is clearly not applicable in the present case. It applies only to persons who have completed serving their sentences. Defendant Salvador still has several years remaining to be served on his sentence of 25 years to life. His release on parole in no way alters the fact that he is still under sentence; that he is in technical custody; and that he is under supervision. Sections 17-1-206 and 207, C.R.S. 1973. *See also Morissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Carafas v. La Vallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968); *Jones v. Cunningham*, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963). A parolee is subject to restrictions which are not applicable to other citizens. *People v. Anderson,* 189 Colo. 34, 536 P.2d 302.

Nor can it be seriously argued that the mere lapse of time is a bar to postconviction relief. In several cases, this court has examined convictions when substantial periods of time have elapsed since conviction. *Sherbondy v. District Court,* 170 Colo. 114, 459 P.2d 133 (1969); *Walker v. People,* 160 Colo. 286, 417 P.2d 14, (1966); *Walker v. People,* 169 Colo. 467, 458 P.2d 238 (1969).

## II.

We have been limited in our review of this case because of the fact that only a partial transcript of the trial is a part of the appeal record. That partial transcript, however, reveals the existence of a trial court error

which well could be the basis for relief under the defendant's 35(b) motion before the trial court.

The following facts will demonstrate this trial court error. The partial transcript of the trial covers only a brief segment of the testimony presented at trial. When the prosecution began to question a chief deputy sheriff concerning defendant's inculpatory statements and a confession, defense counsel interposed an objection and requested that the court conduct an *in camera* hearing regarding the admissibility of evidence pertaining to the defendant's statements and confession.

The court thereupon conducted an *in camera* hearing and heard the testimony of the chief deputy sheriff concerning the statements and confession of this defendant. The testimony of the defendant was also offered. It revealed that the defendant spent the night immediately prior to the day of the homicide in jail for drunkenness; that after release from jail, he consumed more liquor; that the homicide then occurred; that police officers forcibly restrained him when he apparently attempted suicide; that he was taken to a hospital where he was given some injections and treated for several wounds; and that he became very ill and began vomiting clots of blood. Thereafter, the statements and confession were obtained by the police. The defendant's testimony was to the effect that he was not advised properly of his rights and that his recollection of the events, after he was in police custody, were obscure in his mind.

After this *in camera* hearing, the trial court ruled as follows:

"The question of voluntariness of the statements that this defendant may have made is one that ultimately will have to be determined by the jury on the basis of facts which may or may not be disputed. I assume they will be, and in this case the essence of the testimony presented in this hearing here in chambers is not directed to coercion or the forcing of the defendant to make an involuntary statement. The defendant, in essence, says that he doesn't remember making certain statements, or has lapses of memory when he doesn't remember what happened. The Jury — the Court doesn't determine it on the basis of facts whether he did make these statements when he was rational or whether he wasn't and then that question will be submitted to the Jury under proper instructions, and I don't think the Court would be advised as a matter of law to sustain the objection."

Although the partial transcript before this court does not reveal it, it is obvious from the manner in which this alleged error is described in the briefs that testimony concerning the defendant's inculpatory statements and his confession were introduced at trial.

The trial court committed constitutional error when it failed to make a preliminary determination on the voluntariness of the defendant's statements and confession. As indicated in *Compton v. People*, 166 Colo. 419, 444 P.2d 263 (1968), the established rule in Colorado is that the trial judge, and not the jury, determines the admissibility of a confession where objection is made on the ground that the confession was involuntarily

made. The establishment of this rule in Colorado antedates the United States Supreme Court's decision in *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1744, 12 L.Ed. 2d 908 (1964), which mandates that a defendant is entitled to have a "fair and reliable determination" by the trial judge at an *in camera* hearing on the issue of voluntariness of statements and confessions at some stage in the proceedings. Since 1964, this requirement has been reaffirmed and reiterated in numerous Colorado cases. As an example, *see Goddard v. People*, 172 Colo. 498, 474 P.2d 210 (1970).

■  The submission of the issue of voluntariness to the jury, without a prior determination by the trial judge under the circumstances of this case is deemed to be error of constitutional proportions. In so holding, we are fully aware of certain statements in *People v. Shearer*, 181 Colo. 237, 508 P.2d 1249 (1973) but consider them to be inapplicable under the particular facts of this case.

### III.

■  Our remand to the trial court for further proceedings presents somewhat of a problem. We have determined that the best procedure to be followed is as follows. The failure of the trial court to rule on the voluntariness of the defendant's statements and confession may be corrected without the necessity of a new trial. *See Compton v. People, supra.* Therefore, we direct that the trial court first conduct an evidentiary hearing on the voluntariness of the defendant's statements and confession. In addition to testimony previously presented at the trial and transcribed, the prosecution and defense must be given an opportunity to present other evidence relevant to the voluntariness issue. The trial court shall resolve the issue based upon proper findings of fact. If the trial court finds that the statements and confession were not voluntary or that proper warnings and advice were not given this defendant before he made the statements and confession, then the trial court must vacate the judgment and order a new trial.

On the other hand, if the trial court finds that the statements and confession were voluntary and that proper warnings were given to this defendant, then the trial court must grant the defendant's request for a full transcript of the trial proceedings.

Previously, the defendant's motion for a free transcript was denied by the trial court, although the motion complied fully with the standards set forth in *Romero v. District Court*, 178 Colo. 200, 496 P.2d 1049 (1972). From our review of the allegations of error made on this appeal, much more of the testimony and other trial proceedings must be transcribed before either counsel for the defendant or a review court can ascertain if the alleged errors can be properly asserted in a 35(b) motion and, if so, does the record demonstrate these errors.

Upon preparation of the additional transcript, the defendant is then given leave to file a new 35(b) motion for trial court consideration.

The trial court erred in its judgment denying the defendant's 35(b) motion without an evidentiary hearing.

Judgment reversed and cause remanded for further proceedings consonant with the directions contained herein.

MR. JUSTICE ERICKSON does not participate.