The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Fred SALAZAR, Defendant-Appellant.

No. 78–709.

Colorado Court of Appeals, Div. III.

May 1, 1980.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Mary E. Ricketson, Asst. Atty. Gen., Denver, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Jane S. Hazen, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

SMITH, Judge.

Defendant appeals his convictions of second degree burglary and third degree criminal trespass. He asserts that he was coerced into waiving his right to testify in his own defense by the trial court's erroneous ruling that a statement given by him, although suppressed as violative of his *Miranda* rights, could be introduced to impeach his testimony. We reverse and remand for a new trial.

On October 14, 1977, defendant was apprehended as a suspect in a burglary. He was taken to the police station where he made a statement. Prior to trial, defendant moved to suppress the statement on the dual grounds that it was involuntary, and that he had not been properly advised of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). At the pretrial hearing on the motion, the People presented only the most basic information regarding the circumstances surrounding Salazar's statement and failed to elicit any evidence whatsoever regarding its voluntariness. At the conclusion of that hearing the trial court ruled that Salazar's statement would be excluded because the interrogating officer failed to advise him properly of his rights pursuant to *Miranda, supra.*

On the morning of trial, but prior to jury selection, defense counsel requested a ruling from the court as to whether the previously suppressed statement would be admissible for purposes of impeachment in the event

that the defendant elected to testify. The trial court, without taking any further testimony or ruling on the issue of voluntariness, advised defendant and his counsel that the statement would be admissible solely for purposes of impeachment. At the conclusion of the People's case, defendant again raised the issue of voluntariness by asking the court to rule that the statement would be inadmissible for impeachment purposes if defendant elected to testify. Again, without ruling on voluntariness, the trial court advised counsel that the statement would be admissible for impeachment purposes. The defendant thereupon elected not to testify in his own defense.

The People contend, in essence, that because defendant elected not to testify, the trial court's decision that his statement could be used for impeachment was premature. Thus, they argue that since the question of the ultimate admissibility of defendant's statement never had to be decided, the rulings relative thereto were not prejudicial and are not therefore a proper subject for review. We disagree.

■ We view the threshold question of reviewability *here* quite differently. We hold that when a defendant asserts that a ruling of the trial court has affected the exercise of his constitutionally protected testimonial rights, he has alleged prejudice sufficient to seek review of that ruling. *Cf. People v. Henry*, 195 Colo. 309, 578 P.2d 1041 (1978).

In dealing with the court's announcement that the defendant's statement would be admissible for impeachment, it is not, as the People argue, the ultimate ruling on specific admissibility with which we are concerned. Rather it is the preliminary issue of general admissibility which is of paramount importance.

■ Once the issue of voluntariness has been raised, a pretrial statement given by a defendant cannot even be offered for admission prior to resolution of that issue. *People v. Cole*, 195 Colo. 483, 584 P.2d 71 (1978). It has long been the rule, in criminal cases, that confessions, admissions and statements given by a defendant, unless voluntary, are not admissible for any purpose. *People v. Parada*, 188 Colo. 230, 533 P.2d 1121 (1975). Once the issue of voluntariness has been raised, the burden is upon the People to establish that the statement in question was voluntarily given. *Lego v. Twomey*, 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972). *See People v. Smith*, 179 Colo. 413, 500 P.2d 1177 (1972). Only if the statement is found to be voluntary, and otherwise proves to be relevant, is it admissible.

In the instant case, the People assert that any error in failing to rule on voluntariness was harmless, since the statement was never offered. To respond to this assertion, it is necessary to address the effect of the trial court's failure to rule upon the rights of the defendant during the balance of the trial.

■ Here, the defendant's statement was suppressed under the rule in *Miranda, supra*, and thus could not be used by the prosecution in its attempt to prove the guilt of the defendant. The scope and effect of a *Miranda* suppression was addressed and clarified in *Harris v. New York*, 401 U.S. 222, 28 L.Ed.2d 1, 91 S.Ct. 643 (1971). In that case the United States Supreme Court adopted the principle that statements taken in the absence of *Miranda* warnings, and therefore suppressed, could be admitted for purposes of impeachment of the defendant's testimony in the event he elected to testify. However, such statements are admissible only if they have been given voluntarily, and thus are not the product of coercion. Since the question of voluntariness remains, even after a *Miranda* suppression, we conclude that *Miranda* did not create a rule of "involuntariness as a matter of law" as to statements obtained in violation of a defendant's rights relative to counsel. Rather, we read *Miranda* as establishing a rule of "exclusion" designed to discourage improper police or prosecutorial conduct.

In *People v. Cole, supra*, Colorado adopted the *Harris* rule. Thus, in the instant case, the issue of the voluntariness of defendant's statement remains the threshold

factor in determining whether that statement can even be offered for purposes of impeachment.

It is true, as the People assert, that the ultimate decision of whether the statement is admissible, as impeachment evidence, will depend upon its relevancy to the content of defendant's testimony. We also agree with their assertion that this final hurdle to admissibility need not be faced unless the defendant elects to testify. Nevertheless, resolution of the voluntariness issue is dependent solely upon facts which have already occurred, and thus, the rights of the People cannot be adversely affected by an early determination of that issue.

As to the effect upon the defendant, and his rights, however, the situation is quite different. Whether a statement is found to have been voluntarily given, and thus, potentially admissible for impeachment purposes is a major factor in his decision of whether to stand upon his constitutional right *not* to testify, *U.S.Const.* Amend. V; *Colo.Const.* Art. 2, § 18, or on the other hand, to exercise what has been treated as a constitutionally protected right *to* testify, *People v. Henry, supra.*

Since defendant's decision to testify, or not to testify, is so influenced by the court's ruling on voluntariness, we hold that the court's failure here to rule upon that issue prior to the time defendant had to make his testimonial choice cast an impermissible chill on the defendant's freedom of decision. Because the decision by a defendant to testify in his own behalf is involved in cases similar to the one at bar, the voluntariness ruling must be made, if not prior to trial, at least prior to the commencement of the defendant's case-in-chief.

We therefore reverse the judgment of conviction and remand the cause for a new trial on all issues.

KELLY and STERNBERG, JJ., concur.