The PEOPLE of the State of
Colorado, Petitioner,

v.

Alexander W. SHOFFNER, Respondent.

No. 80SC292.

Supreme Court of Colorado.

April 13, 1981.

Rehearing Denied May 4, 1981.

J. D. MacFarlane, Atty. Gen., Richard J. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Maureen Phelan, Asst. Atty. Gen., Denver, for petitioner.

J. Gregory Walta, Colorado State Public Defender, Warren T. Marshall, Sp. Deputy State Public Defender, Denver, for respondent.

ERICKSON, Justice.

We granted certiorari to review the court of appeals' order that the defendant, Alexander W. Shoffner, be granted a new trial because of the failure of the district court to conduct a proper hearing to determine the voluntariness of a statement made by the defendant to a police officer. The court of appeals relied on *People v. Salazar,* Colo. App., 610 P.2d 1354 (1980), to support their order for a new trial. We reverse and remand to the court of appeals with directions to affirm the defendant's conviction. We also overrule the remand in *People v. Salazar, supra,* as being contrary to *People v. Salvador,* 189 Colo. 181, 539 P.2d

1273 (1975) and *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).[1]

*Jackson v. Denno, supra,* requires that an in camera hearing be held to determine whether a defendant's confession is voluntary before it is considered by the jury and in the interest of judicial economy established the following procedure:

> "But if at the conclusion of such an evidentiary hearing in the state court on the coercion issue, it is determined that Jackson's confession was voluntarily given, admissible in evidence, and properly to be considered by the jury, we see no constitutional necessity at that point for proceeding with a new trial, for Jackson has already been tried by a jury with the confession placed before it and has been found guilty.... [W]e do not know whether the conviction rested upon the confession; but if it did, there is no constitutional prejudice to Jackson from the [prior invalid] procedure if the confession is now properly found to be voluntary and therefore admissible. If the jury relied upon it, it was entitled to do so. Of course, if the state court, at an evidentiary hearing, redetermines the facts and decides that Jackson's confession was involuntary, there must be a new trial on guilt or innocence without the confession's being admitted into evidence." *Id.* at 394, 84 S.Ct. at 1790.

In nearly identical language, we stated in *People v. Salvador, supra*:

> "The failure of the trial court to rule on the voluntariness of the defendant's statements and confession may be corrected without the necessity of a new trial. *See Compton v. People*, 166 Colo. 419, 444 P.2d 263 (1968). Therefore, we direct that the trial court first conduct an evidentiary hearing on the voluntariness

of the defendant's statements and confession. In addition to testimony previously presented at the trial and transcribed, the prosecution and defense must be given an opportunity to present other evidence relevant to the voluntariness issue. The trial court shall resolve the issue based upon proper findings of fact. If the trial court finds that the statements and confession were not voluntary or that proper warnings and advice were not given this defendant before he made the statements and confession, then the trial court must vacate the judgment and order a new trial." *Id.* at 185, 539 P.2d 1273.

■ The district court in this case held a hearing on the defendant's motion to suppress the statement which he made to the police. The court suppressed the statement and foreclosed its use in the presentation of the prosecution's case because a proper *Miranda* warning was not given to the defendant. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The defendant also asserted in his motion to suppress that the statement which he had made was involuntary. Evidence was taken at the suppression hearing on all issues raised by the defendant. At trial, before the defendant testified, the court, at the instance of defense counsel, reviewed the testimony taken at the suppression hearing and made a specific finding that the statement was voluntary or trustworthy and could be used by the prosecution for impeachment purposes. *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).[2] Thereafter, the defendant took the stand in his own defense, admitted his statement to the police on direct examination, and provided an explanation for the false statement. In our view, no further hearing on the issue of voluntariness is nec-

---

**1.** *Salazar* declared that the failure to rule on the issue of voluntariness of a defendant's statement prior to the defendant's case in chief casts an impermissible chill on the defendant's right to testify and requires a new trial. Salazar should have been granted a hearing on voluntariness, and a new trial only if the statement was involuntary.

**2.** There is nothing in the record to suggest that the trial court erred in its holding that the defendant's statement was voluntary. The record does not indicate that the statement was "extracted by any sort of threats or violence, nor obtained by the exertion of any improper influence." *Bram v. United States*, 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568 (1897); *People v. Cole*, 195 Colo. 483, 584 P.2d 71 (1978).

**248**

essary because the procedures followed by the district court met all constitutional requirements. *People v. King*, 61 Ill.App.3d 326, 335 N.E.2d 417 (1975). *See also, Swenson v. Stidham*, 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431 (1972).

The defendant was convicted of sexual assault and attempted aggravated robbery. The defendant, according to the testimony, entered the Intimate Massage Parlor, produced a knife, and ordered the hostesses to give him the massage parlor's money. When the defendant discovered that the cash box was empty, he forced the two hostesses to disrobe and perform fellatio on him by threatening them with a knife. He then left the massage parlor and was arrested in his automobile shortly thereafter. At the time of his arrest, he told the police that he had been at the Crossroads Shopping Center checking out some T.V. simulation games at J. C. Penneys.

On direct examination, the defendant acknowledged that he had made the statement to the police, and said that he had lied to keep the police from shooting him for abusing one of the hostesses. He admitted that he had been at the Intimate Massage Parlor, but denied any attempt to rob the hostesses. He claimed that a hostess performed fellatio on him for $40 and then demanded additional money. He said that he kicked the hostess when she asked for more money and threatened to call his wife and tell her about his activities at the massage parlor. The defendant's theory of the case was rejected by the jury and no good purpose would be served by granting the defendant another trial. The defendant's right to testify does not include a license to commit perjury. The defendant's statement met the standards for trustworthiness set forth in *Harris v. New York*, *supra*, and was properly used by the prosecution for impeachment purposes. *See Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); *Anderson v. Charles*, 447 U.S. 404, 100 S.Ct. 2180, 65 L.Ed.2d 222 (1980).

Accordingly, we reverse the court of appeals and remand this case to the court of appeals with directions to affirm the defendant's conviction.