Michael Kevin HUNTER, Petitioner,

v.

The PEOPLE of the State of
Colorado, Respondent.

No. 80SC284.

Supreme Court of Colorado,
En Banc.

Nov. 15, 1982.

J. Gregory Walta, Colorado State Public
Defender, Margaret L. O'Leary, Deputy
State Public Defender, Denver, for petitioner.

J.D. MacFarlane, Atty. Gen., Richard F.
Hennessey, Deputy Atty. Gen., Mary J.
Mullarkey, Sol. Gen., Susan P. Mele, Asst.
Atty. Gen., Denver, for respondent.

HODGES, Chief Justice.

The defendant, Michael Kevin Hunter,
was convicted of felony theft under section
18–4–401, C.R.S. 1973 (1978 Repl. Vol. 8).
Reversal of this conviction was urged in the
court of appeals on the ground that the

trial court erred in admitting into evidence a signed confession obtained by department store security guards, without first holding an *in camera* hearing to determine the voluntariness of the confession. In an opinion not selected for publication, the court of appeals ruled that this was error on the part of the trial court; but nevertheless affirmed the conviction, holding that it was harmless error. We granted the defendant's petition for certiorari, and now reverse the judgment of the court of appeals with directions to remand to the trial court for further proceedings as outlined herein.

A department store security guard observed the defendant and another man place two television sets into a shopping cart. They then pushed the cart through several aisles of the store past a large overhead sign reading "Please...No merchandise beyond here without receipt." A security guard testified that the two men then separated, and the defendant pushed the cart outside onto the sidewalk. The security guard and another store employee then stopped the defendant and took him to the store's security office. The defendant claimed that his friend was in the store paying for the television sets. The guard filled out a printed form describing the merchandise taken and its cost. The form also contained a printed statement reading, "I voluntarily admit that I took the following articles from the store...." The defendant signed the form. The security guard testified that before signing, the defendant was advised that he did not have to sign this form. The defendant, however, testified that the guard had taken his driver's license and stated that he would return the defendant's license and allow him to leave if he signed the form. The withholding of the defendant's driver's license with the promise to return it if the written confession form were signed, raises a clear issue of voluntariness.

Maintaining that his signed confession was involuntary, the defendant objected to the admission of this signed form at trial. The trial court overruled the objection and stated that it was the function of the jury to determine what weight, if any, should be given to this evidence. Agreeing that the trial court erred, the court of appeals nevertheless affirmed the conviction under the doctrine of harmless error, citing *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

It is well established that a defendant's due process rights are violated if his criminal conviction is founded, in whole or in part, upon an involuntary confession. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908, 1 A.L.R.3d 1205 (1964). This is so without regard to the truth or falsity of the confession, and even if there is sufficient evidence apart from the confession to support the conviction. *Id.* Equally clear is the rule in Colorado that the trial judge at an *in camera* hearing, and not the jury, determines the admissibility of a confession to a police officer or to a district attorney once an issue is raised concerning voluntariness. *People v. Salvador,* 189 Colo. 181, 539 P.2d 1273 (1975). *See also Lauderdale v. People,* 162 Colo. 36, 424 P.2d 373 (1967). The issue presented here is one of first impression in this state. When an objection is properly raised at trial challenging the voluntariness of a confession, appellate courts in several states have held that the trial court is obligated to conduct an *in camera* hearing to determine voluntariness, regardless of whether the confession was made to a police officer or to a private individual.[1]

The Due Process Clause of the Fourteenth Amendment, by its very terms, applies only to state action, and on this basis the People argue that because there was no state action, the defendant's due process rights were not violated. *E.g., Burdeau v. McDowell,* 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). Clearly, no state action is involved in the accused's making

---

1. *See People v. Raitano,* 36 Ill.Dec. 597, 81 Ill.App.3d 373, 401 N.E.2d 278 (1980); *Peak v. State,* 342 So.2d 98 (Fla.App.1977); *State v. Cooper,* 286 N.C. 549, 213 S.E.2d 305 (1975); *Commonwealth v. Mahnke,* 368 Mass. 662, 335

N.E.2d 660 (1975), *cert. denied,* 425 U.S. 959, 96 S.Ct. 1740, 48 L.Ed.2d 204 (1976); *People v. Haydel,* 12 Cal.3d 190, 115 Cal.Rptr. 394, 524 P.2d 866 (1974); *State v. Kelly,* 61 N.J. 283, 294 A.2d 41 (1972); *State v. Christopher,* 10 Ariz.

an admission of guilt to a private citizen. State action enters the picture, however, when a trial court permits the prosecution at a jury trial to utilize as evidence of guilt a confession which is extracted under circumstances that so overbear the individual's will as to render the statement involuntary, that is, "not the product of a rational intellect and a free will." *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 90 L.Ed.2d 770 (1963). To avoid the exposure of such a confession to a jury when an accused claims it is involuntary, the trial court must conduct an *in camera* hearing to avoid a violation of the accused's due process rights. Here, the defendant maintained that his signed confession was involuntary and should not be admitted as evidence before a jury. Under the facts of this case, the admission of the signed confession triggered a valid claim that the defendant's due process rights had been violated.

 It was error for the court of appeals to affirm the trial court's ruling on the basis of harmless error. The United States Supreme Court has repeatedly held that the harmless error rule does not apply where an issue of voluntariness of a confession is involved. *See Chapman v. California, supra,* 386 U.S. at 23, 87 S.Ct. at 827–828; *Lynumn v. Illinois,* 372 U.S. 528, 537, 83 S.Ct. 917, 922, 9 L.Ed.2d 922 (1963); *Payne v. Arkansas,* 356 U.S. 560, 567–568, 78 S.Ct. 844, 850, 2 L.Ed.2d 975 (1958). Accordingly, when the required voluntariness hearing is not provided, an appellate court may not review the evidence under the harmless error rule. Rather, the following procedure outlined in *People v. Salvador, supra,* should be followed. Where the trial court has failed to rule on the voluntariness of a defendant's confession, such a failure may be corrected without a new trial. *Accord, Swenson v. Stidham,* 409 U.S. 224, 93 S.Ct. 359, 34 L.Ed.2d 431 (1972). On remand, the trial court must conduct an evidentiary hearing on the voluntariness issue, wherein the prosecution and defense are afforded an opportunity to

present the testimony previously given at trial, along with any other evidence relevant to this issue. The People have the burden of establishing the voluntariness of the confession by a preponderance of the evidence. *People v. Fordyce,* Colo., 612 P.2d 1131 (1980). Based on the evidence presented, if the trial court finds that the confession was not voluntary, it must vacate the judgment and order a new trial. Conversely, if the trial court finds that the confession was voluntary, the defendant's conviction may stand.

The judgment of the court of appeals is reversed and the cause is returned to the court of appeals for remand to the trial court for further proceedings in accordance with the directions herein set forth.

App. 169, 457 P.2d 356 (1969); *Schaumberg v. State,* 83 Nev. 372, 432 P.2d 500 (1967); *McElroy v. State,* 204 So.2d 463 (Miss.1967); *People v. Frank,* 52 Misc.2d 266, 275 N.Y.S.2d 570 (1966); *State v. Ely,* 237 Or. 329, 390 P.2d 348 (1964); *Fisher v. State,* 379 S.W.2d 900 (Tex. Cr.App.1964).