**STATE of Missouri, Respondent,**

v.

**Shroy FERRELL, Appellant.**

**No. WD 39195.**

Missouri Court of Appeals,
Western District.

Oct. 20, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 1, 1987.

Application to Transfer Denied
Jan. 20, 1988.

Sean D. O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

MANFORD, Judge.

This is a direct appeal from a jury conviction for attempted burglary, first degree, in violation of § 564.011, RSMo 1986. Appellant was sentenced to seven years. Judgment affirmed.

Appellant presents three points which, in summary, charge the trial court erred (1) in giving MAI–CR2d 1.02 and 2.20 regarding the definition of reasonable doubt; (2) in failing sua sponte to declare a mistrial because of the final argument of the prosecution; and (3) in admitting the testimony by a state's witness of appellant's oral confession.

The sufficiency of the evidence to sustain appellant's conviction is not challenged, and if such a challenge had been made, it would have been without merit. The pertinent facts, in summary, are as follows:

One David Weiss, the victim herein, returned home from his employment at about 1:00 p.m. on August 11, 1986. Because he had been awake since 3:30 a.m., Weiss went to sleep. He was awakened by a noise at the front of his apartment. He got up, proceeded to the front door, observed one of the locks on the front door move, and observed the door move as a result of being pried upon from the outside. He opened the front door, confronted appellant, and placed appellant under arrest. Weiss confronted appellant about what he (appellant) was using to pry open the door, and according to Weiss's testimony, he "pulled out a screwdriver and admitted that he had tried to get into [Weiss's] apartment." Weiss summoned help from his neighbors.

A later investigation revealed pry marks on the front door of Weiss's apartment. The screwdriver, an imprint of the pry marks, and photographs of the scene were introduced into evidence. After a hearing upon his right to testify, appellant declined

to do so. The evidence closed. The jury returned its verdict. Judgment and sentence were entered upon the verdict. This appeal followed. Any additional facts deemed necessary to the disposition of this appeal will be set forth *infra*.

Appellant's first point requires no detailed discussion because it is subject to summary disposition under the rule announced in *State v. Guinan*, 732 S.W.2d 174, 177–78 (Mo. banc 1987). There is no merit to appellant's point one and it is ruled against him.

Appellant's second point charges that the trial court "plainly erred in failing to order a mistrial, sua sponte, in that [the] state's closing argument was deliberately presented in a manner to prejudice the jury against the defendant ..."

After making rather bald and overly broad assertions on this appeal that the prosecution's argument went beyond the bounds of fairness, it is apparent from the record that appellant, in his motion for new trial, specifically complained of the following statements:

The prosecution stated, "You know we sat through voir dire yesterday and we asked questions and you heard all this." 'How many people have been burglarized?' And you heard how many people had been burglarized. Well, we finally got one of these burglars, attempted burglar, we finally got one." Appellant objected to this argument and his objection was sustained.

On this appeal, appellant has attempted to broaden his complaint regarding the prosecution's final argument. None of appellant's complaints, except those regarding the above-quoted remarks, have been preserved for review, and he seeks review of them under the plain error rule, Rule 29.12.

Concerning the above-quoted remarks, appellant presented a timely objection which was sustained. In addition, the jury was admonished to disregard the remarks. Appellant did not seek a mistrial, and received all the relief he sought. In review of the entire matter, had appellant presented a motion for mistrial which, in turn, had

been overruled, said ruling, under the facts and circumstances, would not have been prejudicial error directing reversal by this court. It follows that the trial court did not commit plain error for failing, sua sponte, to direct a mistrial relative to the above-quoted statements. Appellant received adequate relief and suffered no prejudice by the trial court's ruling.

It is not necessary to set forth in detail the other remarks, which appellant now claims were prejudicial, and complains that the trial court should have, sua sponte, ordered a mistrial. It suffices to say that this court has reviewed the entire argument. Appellant must show that errors in closing argument had a decisive effect on the jury. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982), cert. denied, 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982), reh. denied, 459 U.S. 1024, 103 S.Ct. 391, 74 L.Ed.2d 520 (1982). Appellant herein has failed to carry his burden. The record herein reveals overwhelming evidence of appellant's guilt, thus "no injustice or miscarriage of justice will result from a refusal to invoke the plain error rule." *State v. Goode,* 721 S.W.2d 766, 770 (mo.App.1986). Appellant has failed to show that the plain error now complained of imposed so substantially upon his rights that a miscarriage of justice or manifest injustice will result if uncorrected. *State v. Driscoll,* 711 S.W.2d 512, 515 (Mo. banc 1986), cert. denied, — U.S. —, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986). This was appellant's burden. There is no merit to appellant's point two and it is ruled against him.

■ Appellant's final point charges the trial court with plain error in admitting appellant's confession through the testimony of the victim.

It is noted that appellant filed no pre-trial motion to suppress, raised no objection at trial, and did not present this issue in his motion for new trial. Thus, he seeks review of the matter under the plain error rule. Rule 29.12. As can be observed *infra,* the disposition of this issue is such that had appellant properly preserved the issue, he would be entitled to no relief anyway.

Further consideration of the facts surrounding this issue must be set forth. It should be noted that appellant was arrested pursuant to a "citizen's arrest" initially, and not by or through any action or conduct by a law enforcement officer. The victim herein, David Weiss, opened the front door of his apartment and found appellant at the door. Weiss testified as follows:

A. [Weiss] Well, he lost his balance and was trying to walk away. I said, "Hold it right there. I know what you're up to. I know that you're trying to get in my apartment." And he said, "No, man. No, man. I'm not trying to do that." And he provided a piece of paper, a rental agreement, a mimeographed rental agreement. And he was walking back, and I said, "Stay right there. You're under arrest. I know what you're trying to do."

Weiss was then asked if any other conversation took place, and Weiss responded:

Q. [By Aundre Herron, Asst. Prosecuting Attorney]: All right. Now, once you said to the defendant you knew what he was up to, did any other conversation take place?

A. I asked him, "What were you using to try to get into my apartment?"

Q. And what did he say?

A. He pulled out a screwdriver and admitted that he had tried to get into my apartment. I said, "You tried to get into my apartment, didn't you?" I said, "I know you've got something in your pocket. You don't just come in and walk through somebody's door. I know you were trying to do something."

Before this court, appellant asserts that there existed a state of "rage" at the time he was apprehended by Weiss. Appellant then boldly asserts, "Extracting a confession from Ferrell [appellant] under this state of rage was the wrong thing. It was the wrong thing because once David Weiss arrested Shroy Ferrell, he [Weiss] owed Ferrell a duty at least equal to the duty a commissioned police officer would have owed the suspect."

Appellant also asserts before this court that his confession was involuntary and

hence inadmissible. He faults the trial court for not conducting a preliminary hearing on the voluntariness of his confession and for admitting said confession through the testimony of Weiss. He charges, for the first time, a violation of his constitutional protection under the 5th Amendment to the United States Constitution and Mo. Const. Article 1, § 10 and Article I, § 18(a). As noted *supra,* appellant failed to preserve this issue and seeks review of same under the plain error rule. Rule 29.12.

In the first instance, there is nothing upon the record herein which even suggests, let alone establishes, any "state of rage" surrounding the circumstances of appellant's apprehension. During his direct examination, Weiss displayed a calm demeanor in giving his testimony, and said testimony disclosed no "rage" by Weiss or anyone else present at appellant's apprehension. In fact, appellant concedes that Weiss displayed control relative to any physical harm to appellant.

On cross-examination, appellant attempted to establish that Weiss and some of Weiss's neighbors who were present during the arrest displayed animosity toward him (appellant), which amounted to a state of "rage". Some specific allegations were denied by Weiss and no other evidence was introduced on the point. Weiss did state that one neighbor talked "pretty rough" to appellant. The fact remains that the record is void of evidence to support appellant's claim of a "state of rage" and it is evident from the record this is a conclusion based upon speculation by appellant.

Further, what appellant seeks is the adoption of a standard that when arrests are conducted by private citizens, in order to be lawfully undertaken, citizens should act in concert with law enforcement officials and those citizen's actions should be deemed "official" for purposes of the 5th Amendment challenge. Appellant cites to no authority for such a proposal.

The fact that the evidence fails to support appellant's assertion that there existed a "state of rage" and his assertion that a new standard for citizens' arrests should be adopted, aside, there is yet another reason why appellant's argument is ill-founded. Appellant contends that the test for admission of a confession is as follows: "[T]he totality of circumstances deprived defendant of a free choice to admit, to deny, to refuse to answer, and whether there was physical or psychological coercion of such a degree that defendant's will was overborne at the time he made the incriminating statement ..."

The above quote is from the case of *State v. Craig,* 406 S.W.2d 618, 623 (Mo. 1966). Appellant concedes the above test predates the ruling of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). *Miranda,* of course, addressed the conduct of law enforcement officials. A subsequent pronouncement of the standard proposed by *Craig* was stated by the Missouri Court of Appeals, Southern District in *State v. Rinebold,* 702 S.W.2d 921, 925 (Mo.App.1985), which ruled that a confession which was the product of physical violence or threat by a private citizen was inadmissible.

It should be noted that even if the rules in *Craig* and *Rinebold, supra,* were still viable today, which it will be observed *infra* they are not, appellant herein would be afforded no relief because the evidence upon this record fails to support a finding that his will was overborne by either physical or psychological coercion.

Concerning the issue of citizens' conduct relative to the safeguards under the 5th Amendment, the United States Supreme Court has laid the matter to rest. *Rinebold* relied upon the rulings in *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), and *Hunter v. People,* 655 P.2d 374, 376 (Colo. banc 1982). *Hunter,* in turn, relied upon *Sain, supra* also. Neither of these authorities has validity today because of the ruling in *Colorado v. Connelly,* — U.S. ——, 107 S.Ct. 515, 521, 93 L.Ed.2d 473 (1986). In *Connelly,* the United States Supreme Court ruled that the due process clause of the United States Constitution is directed to action by the state and not private citizens relative to the admissibility of confessions. The court ruled:

Our "involuntary confession" jurisprudence is entirely consistent with the set-

tled law requiring some sort of "state action" to support a claim of violation of the Due Process Clause of the Fourteenth Amendment ... The most outrageous behavior by a party seeking to secure evidence against a defendant does not make that evidence inadmissible under the Due Process Clause.

The Supreme Court of Colorado recognized that its previous ruling in *Hunter* is now questioned by the ruling in *Connelly, supra. See People v. Chastain,* 733 P.2d 1206, 1213, n. 8 (Colo. banc 1987).

That *Sain* is no longer the law was recognized and acknowledged by Justice Brennan in his dissent in *Connelly, supra.*

*Rinebold, supra,* having been premised upon *Sain, supra,* is therefore found by this court to be invalid and not binding upon this court as a viable precedent because of the ruling in *Connelly, supra.*

Disposition of appellant's final point is summarized as follows: The evidence upon the record herein fails to support appellant's assertion that his "confession" was secured during a "state of rage." There is no evidence to establish that appellant's mental state at the time he confessed interfered with his rationale, intellect, or his free will. There is nothing to establish that his rationale, intellect, or free will was overborne. Further, the test declared in *Craig* and followed in *Rinebold, supra,* is no longer valid because of the ruling in *Connelly, supra.*

■ The ruling in *Connelly* clearly prescribes the limits of the Due Process Clause under the federal constitution on the question of the admissibility of evidence obtained through actions of law enforcement officials, and those limitations do not apply to actions of private citizens.

There is no merit to appellant's final point and it is ruled against him.

Judgment affirmed.

All concur.