The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

John L. KREITER, Defendant–Appellant.

No. 87CA0798.

Colorado Court of Appeals, Div. IV.

Nov. 3, 1988.

Rehearing Denied Feb. 9, 1989.

Certiorari Denied Nov. 13, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., and Laurie E. Menconi–Smith, Asst. Atty. Gen., Denver, for plaintiff-appellee.

---

David F. Vela, State Public Defender, and Thomas R. Williamson, Deputy State Public Defender, Denver, for defendant-appellant.

**Opinion by Judge FISCHBACH.**

Defendant, John Kreiter, appeals the judgment of conviction entered upon a jury verdict finding him guilty of one count of sexual assault on a child. We reverse.

## I.

Based on the allegations concerning three separate children, defendant was charged with three counts of sexual assault on a child. The count as to one child was dismissed after preliminary hearing and defendant proceeded to trial on the remaining counts involving two sisters, four and five years old. Defendant was convicted on the count concerning the five year old, and acquitted of the remaining count.

Prior to trial, the prosecutor moved for the admission of evidence as to the assault on the first child, a neighbor of the sisters, as a similar act. Stating that the prosecution "only [has] to make a prima facie case" that the act occurred, the trial court concluded that the alleged assault on the neighbor child was a similar act. Because the nature of the defense was unclear, however, the court refused to permit introduction of the similar act evidence in the prosecution's case-in-chief, and took under advisement whether it might be admitted as impeachment or rebuttal if the defense opened the door to an appropriate purpose for the testimony.

The defendant later requested a ruling from the court on the admissibility of the similar act evidence if he were to present a witness to testify as to his good character.

In response, the court stated:

"The prosecution, once that is offered by the defense, is free then to rebut that positive character testimony under [CRE] 404, and it seems to me that that rebuttal can be in the form of testimony of the similar transaction, which the Court has already heard evidence on, because what it goes to then, once that character evidence is in, it seems to me, is motive, intent and possibly identity under [§ 16–10–301, C.R.S. (1986 Repl.Vol. 8A)] and under [CRE]404[b], and it is directly relevant to the character evidence which you plan to try to introduce."

After these rulings, the defendant declined to present any evidence.

## II.

Defendant contends that his right to present a defense was impermissibly burdened by these rulings by the trial court. He argues that he could not properly evaluate the possible effect of the similar assault in his decision to testify or present evidence because the court predicated admissibility of the similar act on an incorrect burden of proof. He further asserts that the trial court incorrectly ruled that the similar act was admissible in rebuttal of defendant's evidence of good character. We agree.

■ A similar offense must be established by clear and convincing evidence. *People v. Botham*, 629 P.2d 589 (Colo. 1981); *but see Huddleston v. United States*, 485 U.S. 681, 108 S.Ct. 1496, 99 L.Ed.2d 771 (1988). Here, the trial court required the prosecution to establish only a *prima facie* case that the similar act occurred. This constituted error.

■ The trial court also erred in ruling that the similar act was admissible to rebut evidence of defendant's good character. Interrogation concerning a specific bad act is proper inquiry on cross-examination of a witness who has testified as to a particular character trait of defendant, *People v. Pratt*, 759 P.2d 676 (Colo.1988), but, unless the character trait is an essential element of the crime, extrinsic evidence of such act is not admissible. CRE 404(a)(1); CRE 405. *See United States v. Benedetto*, 571 F.2d 1246 (2d Cir.1978); *United States v. Herman*, 589 F.2d 1191 (3rd Cir.1978), *cert. denied*, 441 U.S. 913, 99 S.Ct. 2014, 60 L.Ed.2d 386 (1979). *See generally*, 2 J. Weinstein & M. Berger, *Weinstein's Evidence* §§ 405[1] and 405[4] (1988).

We disagree with the trial court's analysis that evidence of defendant's good character would put issues of motive, intent, or identity in controversy. *See People v. Honey,* 198 Colo. 64, 596 P.2d 751 (1979); *People v. Abbott,* 690 P.2d 1263 (Colo.1984); CRE 404(b); § 16–10–301, C.R.S. (1986 Repl.Vol. 8A). The record indicates that these were not contested issues in the trial.

### III.

 The prosecution argues that because the similar act was not admitted in its case-in-chief, and admissibility as rebuttal was never ultimately decided, the issue is moot. We disagree.

An accused has a constitutional right to present a defense. *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967). This includes both the right to testify, *Apodaca v. People,* 712 P.2d 467 (Colo.1985), and the right to call other witnesses on his behalf. *People v. Hampton,* 696 P.2d 765 (Colo.1985). When, prior to the defendant's presentation of evidence, the trial court erroneously rules on an evidentiary matter and thereby causes the defendant to refrain from presenting a defense, the ruling can cast "an impermissible chill on the defendant's freedom of decision." *People v. Salazar,* 44 Colo.App. 242, 610 P.2d 1354 (1980).

The nature of the trial court's errors necessarily affected the defendant's decisions to refrain from testifying and presenting his character witness. The potential admission of the evidence could not be lightly disregarded. "Evidence of a similar act has inhering in it damning innuendo likely to beget prejudice in the minds of jurors." *Stull v. People,* 140 Colo. 278, 344 P.2d 455 (1959).

### IV.

These errors were not harmless beyond a reasonable doubt. The ruling that the similar act had occurred was based upon videotaped testimony of the neighbor child concerning a charge that had been dismissed at preliminary hearing, and we cannot determine from the record that the act would also have been established under the cor-rect, clear and convincing, standard of proof. Also, the jury acquitted defendant of the assault against the four-year-old sister, and a review of the record indicates that the evidence against the defendant concerning the remaining count was not overwhelming. Moreover, we cannot say that defendant's character witness would not have influenced the verdict. Character evidence alone may create reasonable doubt, and might have "tipped the scales" in defendant's favor. *See People v. Pratt, supra.*

Because we are reversing the conviction, we need not address defendant's remaining contentions.

The judgment is reversed and the cause is remanded for a new trial.

TURSI and METZGER, JJ., concur.